UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEITH HART and SEAN RYAN,

                     Plaintiffs,                     DECISION AND ORDER

     vs.                                       16-CV-6808-CJS-MJP

DALE ARTUS, et al.,

                     Defendants.

       **Pedersen, M.J.** Presently before the Court is Plaintiffs' motion for an order compelling Defendants to produce all outstanding expert discovery pursuant to Fed. R. Civ. P. 37(a), for sanctions pursuant to Fed. R. Civ. P. 37(a)(5), and seeking to amend paragraph 1 of Plaintiffs' response to Defendants' statement of material facts to clarify that Defendant Hart was never charged, arrested, or convicted of Rape in the First Degree, Sodomy in the First Degree, or Aggravated Assault on a Police Officer. (Pls.' Notice of Motion, May 13, 2025, ECF No. 128.) While not included as relief sought in their notice of motion, in their memoranda of law Plaintiffs also seek to reopen discovery. (Pls.' Mem. of Law at 5–6, ECF No. 128-3; Pls.' Reply Mem. of Law at 4–7, ECF No. 130-2.)

       The Court has reviewed the papers submitted by Plaintiffs and Defendants and has considered the forgoing in reaching its decision on this motion. For the reasons discussed below the Court **DENIES** Plaintiffs' motion to compel, motion for sanctions, and request to reopen discovery. Further, the Court takes no position on that part of Plaintiffs' motion seeking to amend their response to Defendants'

1

statement of material facts as it does not have the authority to address the requested relief.

## PROCEDURAL BACKGROUND

On November 30, 2024, Plaintiffs Keith Hart and Sean Ryan filed a motion for partial summary judgment seeking an order granting judgment on the issue of liability on their Fourteenth Amendment procedural due process and Eighth Amendment condition of confinement claims. (ECF No. 112.) Defendants filed their opposition on December 23, 2024. (ECF No. 119.) On January 20, 2025, Plaintiffs filed their reply in further support of their motion for partial summary judgment and a cross-motion seeking an order striking the expert testimony of Defendants' expert, Dr. Jacqueline Bashkoff. (ECF No. 121; Pls.' Mem. of Law at 9, ECF No. 121-4.)

In their cross-motion to strike Plaintiffs sought to strike the expert testimony of Dr. Jacqueline Bashkoff pursuant to Fed. R. Civ. P. 16 and 26, Federal Rule of Evidence 702, Local Rule 16, and case law cited in Plaintiffs' memorandum of law. (Pls.' Notice of Cross-Motion, ECF No. 121.) More specifically, Plaintiffs asked the Court to issue an order striking Dr. Bashkoff's testimony due to Defendants' alleged failure to provide expert discovery pursuant to Fed. R. Civ. P. 26(a)(2).

The Court issued a decision and order denying Plaintiffs' cross-motion to strike as untimely under the operative scheduling order. (Decision and Order, Mar. 21, 2025, ECF No. 125.) The decision and order states:

> Here Plaintiffs' argument to preclude Dr. Bashkoff's testimony for Defendants' failure to comply with Fed. R. Civ. P. 26(a)(2)(B) fails. Regardless of whether the Court considers the materials Plaintiffs assert Defendants have failed to provide as expert disclosure under Fed.

> R. Civ. P. 26(a)(2)(B) or as general Rule 26 fact discovery, the deadline to obtain those documents under either category passed long ago pursuant to this Court's scheduling orders referenced above. Plaintiffs never sought to extend those deadlines or to compel the documents upon which they now seek to preclude Defendants' expert's testimony. For these reasons, Plaintiffs' belated attempt to preclude Defendants' expert's testimony fails.

(*Id*. at 7–8.)

The deadline for any motions to compel was May 1, 2024. (Ninth Amended Sched. Order, ¶ 3, ECF No. 104.) The deadline to complete all factual discovery in general was May 31, 2024. (*Id*.) The operative scheduling order provides that the "parties shall complete all discovery relating to experts, including depositions, by November 1, 2024." (Eleventh Amended Sched. Order, ¶ 4, ECF No. 110.)

## ANALYSIS

### *Plaintiffs' Motion to Compel is untimely and repetitive of their prior motion to strike.*

With their present motion, Plaintiffs seek to compel Defendants to produce "the complete Rule 26(a)(2)(B) disclosures for Defendants' retained expert, Dr. Jacqueline Bashkoff." (Davenport Decl. ¶ 4, ECF No. 128-1.) Plaintiffs assert that the missing materials are as follows:

- The complete IDCC records that allegedly are the sole basis for Dr. Bashkoff's assertion that Mr. Hart was convicted of Rape in the First Degree and Sodomy in the First Degree
- Office of Mental Health (OMH) records for Sean Ryan
- Administrative Segregation Reviews for both plaintiffs
- Photographs of SHU, recreational yard, and programming room
- Documents related to the February 2012 Pilot Incentive Program
- Notes and recordings from clinical interviews

3

- o On January 23, 2025, Defendants disclosed a series of notes Dr. Bashkoff took on Sean Ryan, but still missing are Dr. Bashkoff's notes taken on Keith Hart and recordings of both Plaintiffs' clinical interviews.
- Copies of research articles and literature relied upon
- Guidelines and protocols consulted regarding the assessment of individuals in long-term solitary confinement
- A copy of Dr. Bashkoff's current curriculum vitae
- Any correspondence, notes, or other documents related to Dr. Bashkoff's attempts to contact Selena K. Tesferi, LMSW, regarding Keith Hart's treatment
- Communications with defense counsel regarding the evaluation and report preparation
- Draft reports and related notes

(*Id.* at ¶ 5.)

In Plaintiffs' cross-motion to strike, Plaintiffs sought to strike Dr. Bashkoff's expert testimony because Defendants allegedly failed to produce the following under Rule 26(a)(2)(B):

- Raw testing data for Keith Hart's MMPI-2 test
- Test booklets, answer sheets, and scoring materials used in evaluating both Plaintiffs
- Notes, worksheets and other documents used in hand-scoring process
- Mental health records referenced in report
- Office of Mental Health records referenced in report
- Administrative Segregation Reviews referenced in report
- Research articles and literature relied upon
- Communications with counsel
- Draft reports and notes

(Davenport Decl. ¶¶ 7 & 8, ECF No. 121-1.)[1]

---

[1] In their memorandum of law filed in support of their cross-motion to strike Plaintiffs indicate that Dr. Bashkoff's report omitted several mandatory elements under Fed. R. Civ. P. 26(a)(2), such as:

・ No list of publications authored in the previous 10 years;

4

The Court already issued a decision and order addressing similar relief sought by Plaintiffs. (*see* ECF No. 125.) While Plaintiffs titled their first motion addressing Dr. Bashkoff's expert discovery as a motion to strike and labels this motion as one to compel, both motions relate to Defendants' alleged failure to produce Rule 26(a)(2)(B) disclosures for Dr. Bashkoff. As the Court indicated in its March 21, 2025, decision and order, the deadline for any motions to compel was May 1, 2024. (Ninth Amended Sched. Order, ¶ 3, ECF No. 104.) This motion is over a year late and Plaintiffs never sought to extend that deadline. (Decision and Order at 3, March 21, 2025, ECF No. 125.) Further, as indicated in that decision and order, Plaintiffs' attempt to obtain expert disclosures at this juncture also flaunts this Court's scheduling order, which set a deadline of November 1, 2024, for expert disclosure. (Decision and Order at 3, 7–8, ECF No. 125.)

The Court finds that Plaintiffs' motion borders on frivolous and rejects their attempt to, as Defendants indicate, take a second bite at the apple. The Court denies Plaintiffs' motion to compel and their request for sanctions.

***Plaintiffs' assertion that the Court erred in its prior determination regarding Plaintiffs' diligence is wrong.***

Plaintiffs assert that:

Because critical materials were still missing, Plaintiffs sent a second deficiency letter on January 30, 2025, reiterating—item by item—the

- No statement of compensation for study and testimony;
- No comprehensive list of cases in which she testified as an expert;
- No exhibits that will be used to support opinions; and
- No complete statement of all facts and data considered.

(Pls.' Mem. of Law at 7, ECF No. 121-4.)

5

> outstanding gaps, including her interview notes for Mr. Hart, IDCC mental-health records, OMH and CNYPC records, administrative-segregation reviews, photographs of SHU conditions, research relied upon, communications with defense counsel, and a complete publication list and CV. (Ex. F, Jan. 30 Letter). Defendants have never responded. **The Court later noted this sequence but mistakenly inferred that the January 23 production cured Plaintiffs' concerns.** (See Dkt. No. 125, at p. 5 n.4).

(Pls.' Mem. of Law at 2, May 13, 2025, ECF No. 128-3, emphasis added.)

> Moreover, Defendants misstate the Court's previous ruling regarding diligence. **The Court's March 21, 2025 decision denying Plaintiffs' prior motion to strike Dr. Bashkoff's testimony relied upon a fundamental misunderstanding—that Defendants had responded to Plaintiffs' January 30, 2025 deficiency letter. But Defendants never responded, and that significant error forms the foundation of Defendants' current opposition. Correcting this misunderstanding underscores Plaintiffs' consistent diligence.**

(Pls.' Reply Mem. of Law at 1, May 30, 2025, ECF No. 130-2, emphasis added.)

> **The Court's March 21, 2025 Order denying Plaintiffs' prior motion to strike was based, in significant part, on a misunderstanding of this precise sequence. The Court mistakenly stated in footnote 4 of that Order that Defendants had responded to Plaintiffs' January 30, 2025 deficiency letter.** (*See* Dkt. No. 125, at 5 n.4). In reality, no such response was ever provided. Thus, Defendants' argument that the Court previously found a lack of diligence by Plaintiffs hinges entirely on a factual error that the Court should now correct. Once corrected, the record clearly demonstrates Plaintiffs' consistent and diligent pursuit of necessary discovery, a diligence that only intensified after Defendants' late production.

(*Id.* at 3, emphasis added.)

> Here, Plaintiffs have consistently pursued the withheld expert disclosures since September 2024, repeatedly issuing timely demands, serving deficiency letters, and moving promptly upon Defendants' January 23, 2025 incomplete production. Unlike the litigants in Defendants' cited cases, Plaintiffs have diligently sought the withheld materials, clearly satisfying the diligence requirement. **The Court's**

6

> **prior determination of insufficient diligence (March 21, 2025 order) appeared to rely on an incorrect assumption that Defendants responded to Plaintiffs' January 30, 2025 letter. Correcting that factual misunderstanding demonstrates Plaintiffs' continuous diligence in obtaining these documents.**

(*Id*. at 6, emphasis added.)

A simple reading of the Court's March 21, 2025 decision and order reveals that the Court *never* said that Defendants responded to Plaintiffs' January 30, 2025, letter. The Court did not err and Plaintiffs' repeated assertions otherwise are wrong. Plaintiffs rely on footnote 4 for their assertions that the Court made a mistake. Footnote 4 states as follows:

> Confusingly, Plaintiffs' counsel acknowledges that he wrote a "second deficiency letter" on January 30, 2025, which he attached to his reply declaration, and which states "[a]fter reviewing the additional materials provided on January 23, 2025 . . .," leading the Court to conclude that Defendants did respond to Plaintiffs' November 30, 2024, deficiency letter. (Davenport Dec. ¶ 3 & Ex. A, letter from C. Davenport to H. Deutsch, Jan. 30, 2025, ECF No. 124-2.) Thereafter, Plaintiffs admit in their reply memorandum of law that "Defendants finally provide[d] some of the missing materials" on January 23, 2025. (Pls.' Reply Mem. of Law at 5, ECF No. 124.)

(Decision and Order at 5, March 21, 2025, ECF No. 125.)

Nowhere within that footnote does the Court state that Defendants responded to the January 30, 2025, letter. Nowhere in the entire decision and order does the Court state that Defendants responded to Plaintiffs' January 30, 2025, letter. The Court admonishes counsel for his repeated, and mistaken, allegations that the Court somehow made an error that necessitated this repetitive motion.

7

***Plaintiffs have not satisfied their burden to reopen discovery.²***

"The decision whether to reopen discovery is within a district court's discretion." *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018); *see also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) ("[T]he district court has broad discretion to direct and manage the pre-trial discovery process."). "In deciding whether to reopen discovery, courts consider whether good cause exists." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011).

"In analyzing a request to re-open discovery, courts apply the following six-part test:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Moroughan*, 320 F. Supp. 3d at 515. The party seeking to reopen discovery bears the burden of establishing good cause. *Costa v. Sears Home Improvement Prods., Inc.*, 178 F. Supp. 3d 108, 111 (W.D.N.Y. 2016).

With respect to the first factor—whether trial is imminent—this factor weighs in favor of Plaintiffs. Judge Siragusa has not yet scheduled a trial in this case.

---

² While Plaintiffs' notice of motion does not include any request that this Court issue an order reopening discovery, Plaintiffs include this request in their initial memorandum of law submitted in support of the present motion (Pls. Mem. of Law at 4–6, ECF No. 128-3), counsel's reply declaration (Davenport Decl. ¶ 1, ECF No. 130), and Plaintiffs' reply memorandum of law (Pls. Reply Mem. of Law at 4–7, ECF No. 130-2.). More specifically, Plaintiffs contend that they "have satisfied the six-part test for reopening discovery under Rule 16(b)(4) and applicable case law." (Pls. Reply Mem. of Law at 4, ECF No. 130-2.)

Defendants concede that trial is not imminent. (Defs.' Mem. of Law at 3, ECF No. 129.) The second factor weighs in favor of Defendants because they oppose Plaintiffs' request to reopen discovery. (*Id.*)

The Court next addresses the third factor, whether the nonmoving party will be prejudiced and finds that this factor weighs slightly in favor of Defendants. This case has been pending for almost eight and a half years, having been filed in December 2016. The deadline for expert discovery was November 1, 2024. Now, over seven months later, Plaintiffs seek to reopen discovery. The Court finds that this delay slightly prejudices Defendants. *Moroughan*, 320 F. Supp. 3d at 516 (in assessing prejudice factor, noting concerns of delay, which "is of understandable concern to the Plaintiff," as well as costs and expenses plaintiff would incur in preparing and attending depositions, and concluding that "[t]he prejudice to the Plaintiff here is not only the further postponement of this six-year old case, but the toll on the memories of witnesses as this case lags. As a result, the Court finds that this factor slightly favors the plaintiff.")*; but see Gem Fin. Serv., Inc. v. City of N.Y.*, No. 13-CV-1686 (MKB) (RER), 2019 WL 8014411, at *3 (E.D.N.Y. Apr. 18, 2019) (where action had been pending for six years, and trial had already been delayed, noting that "delay is a legitimate concern," but likewise finding that "in the absence of a trial date, the concern does not rise to the level of prejudice," and also finding that "the expense resulting from reopened discovery could be ameliorated by assessing costs and fees against the Plaintiff").

With respect to the fourth factor regarding whether the moving party was

9

diligent in obtaining discovery within the guidelines established by the court, as discussed in this Court's decision and order on Plaintiffs' cross-motion to strike (ECF No. 125) and the present decision and order, the Court does not believe that Plaintiffs have been diligent in obtaining discovery within the scheduling deadlines set by this Court. While Plaintiffs did send two letters regarding alleged deficiencies in Defendants' expert disclosures, dated November 30, 2024 and January 30, 2025, both were served after the deadline for expert discovery. The Court does not believe that Plaintiffs can credibly argue that they diligently pursued the requested discovery within the guidelines established by the Court when they failed to timely seek it and failed to request an extension of the deadlines in the scheduling order. This factor weighs in favor of Defendants.

As for the fifth factor, the foreseeability of the need for additional discovery within the time for discovery afforded by the Court, this factor also weighs in favor of Defendants. Plaintiffs were aware that Defendants retained Dr. Bashkoff as their expert prior to the expert discovery deadline contained in the operative scheduling order. Indeed, Plaintiffs indicate that "[b]eginning in September 2024, Defendants served Dr. Jacqueline Bashkoff's expert reports without the core Rule 26(a)(2)(B) materials."[3] (Pls.' Mem. of Law at 1, ECF No. 128-3.) In other words, Plaintiffs were aware of the alleged deficiencies as early as September 2024. Thereafter, on October 7, 2024, Plaintiffs served Defendants' counsel with "Plaintiffs' First Set of

---

[3] Under the operative scheduling order, Defendants were not required to identify their expert witnesses and provide expert reports until October 2, 2024. (EFC No. 110.)

10

Interrogatories and Document Requests to Defendants' Expert, Dr. Jaqueline Bashkoff." (Davenport Decl. ¶ 3 and Ex. B, ECF No. 128-1.) In addition, on October 21, 2024—again prior to the deadline for expert discovery—Plaintiffs served a subpoena duces tecum on Dr. Bashkoff "requesting the missing discovery materials." (*Id.* and Ex. C.) In other words, Plaintiffs knew at least as early as September 2024 that Dr. Bashkoff was Defendants' expert and that, in their view, Defendants had failed to provide certain discovery materials related to Dr. Bashkoff. It was foreseeable to Plaintiffs that they would need to pursue the "missing" discovery within the time afforded by the Court and yet they failed to do this. This factor weighs in favor of Defendants.

Finally, with respect to the sixth factor, the likelihood that the discovery will lead to relevant evidence, the parties are at odds regarding what, if anything, remains to be produced. While Plaintiffs contend that Defendants have yet to produce 12 categories of documents (Davenport Decl. ¶ 5, ECF No. 128-1) Defendants assert that "[t]he remaining documentation [Plaintiffs] seek is either improper, such as defense counsel's communications with their expert, or documents that Plaintiffs hope they might be able to use to impeach Defendants' expert, without any basis for believing it will actually do so." (Defs.' Mem. of Law in Opposition at 3, ECF No. 129.) In reply, Plaintiffs assert that the documents they seek—"e.g., IDCC records, interview notes for Mr. Hart, and other foundational expert documents required by Rule 26(a)(2)(B) . . . go directly to the credibility and factual underpinnings of Dr. Bashkoff's opinions and are essential to Plaintiffs' ability to challenge Defendants' expert at trial." (Pls.'

11

Reply Mem. of Law at 7, ECF No. 130-2.) Setting aside whether Plaintiffs are entitled to the requested discovery, obtaining additional discovery would be valuable to Plaintiffs and would likely produce relevant evidence. For this reason, this factor weighs in favor of Plaintiffs.

Although the Court recognizes that preclusion is a drastic remedy, s*ee Equant Integrations Servs., Inc. v. United Rentals (North America), Inc.*, 217 F.R.D. 113, 118 (D. Conn. 2003); *see also Torres v. Dematteo Salvage Co.*, No. CV 14-774 (ADS)(AKT), 2016 WL 845326, at *6 (E.D.N.Y. Mar. 2, 2016), having considered the aforementioned factors—the majority of which weigh in Defendants' favor—the Court concludes that discovery should not be reopened. The Court finds that Plaintiffs' delay in seeking the requested discovery was egregious.

***The Court does not have the authority to address Plaintiffs' request "to amend their response to Defendants' Statement of Material Facts to correct [certain] false assertions."***

28 U.S.C. § 636 provides, in relevant part, as follows:

**(a)** Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law--
**(1)** all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;
**(2)** the power to administer oaths and affirmations, issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial, and take acknowledgements, affidavits, and depositions;
**(3)** the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section;
**(4)** the power to enter a sentence for a petty offense; and
**(5)** the power to enter a sentence for a class A misdemeanor in a

> case in which the parties have consented.
>
> **(b)(1)** Notwithstanding any provision of law to the contrary--
> **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C.A. § 636. In addition, in his text order referring the case to me, Judge Siragusa excluded dispositive motions from my jurisdiction. (Text Order Referring Case, Aug. 6, 2021, ECF No. 55.)

Based on the forgoing, magistrate judges do not have authority to hear and determine dispositive motions, such as Plaintiffs' partial motion for summary judgment currently pending before Judge Siragusa (ECF No. 112).[4] It follows that I do not have the authority to address Plaintiffs' request to amend their response to Defendants' statement of material facts in connection with Plaintiffs' partial motion for summary judgment. Any such request must be made to Judge Siragusa.

## CONCLUSION

For the forgoing reasons, the Court **DENIES** Plaintiffs' motion seeking an order compelling Defendants to produce all outstanding expert discovery, for

---

[4] 28 U.S.C. § 636 provides an exception to the restriction of magistrate judges' authority to hear and determine dispositive motions in jury or nonjury civil matters and that is where the parties consent to such jurisdiction. The parties have not done so here.

13

sanctions pursuant to Fed. R. Civ. P. 37(a)(5), and to reopen discovery (ECF No. 128.)

The Court does not have the authority to address Plaintiffs' request for an order seeking to amend paragraph 1 of Plaintiffs' response to Defendants' statement of material facts to clarify that Defendant Hart was never charged, arrested, or convicted of Rape in the First Degree, Sodomy in the First Degree, or Aggravated Assault on a Police Officer.

**IT IS SO ORDERED.**

DATED:    June 13, 2025
          Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge